UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOOMAN SADEH, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:10-cv-02224-KJD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| VENETIAN CASINO RESORT, LLC, ) | Motion to Compel Responses to |
| ) | Discovery and for Sanctions (#22) |
| Defendant. ) | |

This matter comes before the Court on Defendant's Motion to Compel Responses to Discovery and for Sanctions (#22), filed on October 21, 2011.  On October 24, 2011, the Court entered a Minute Order (#24) setting this matter for hearing on November 21, 2011.  Responses to Defendant's motion were due on November 7, 2011.  To date, no response has been filed.  The Court therefore vacates the scheduled hearing and enters this written order.

Defendant requests the Court compel Plaintiff to respond to Defendant's Request for Production, which were served via subpoena duces tecum on September 14, 2011.  Further, Defendant requests the Court compel Plaintiff to answer Defendant's questions regarding additional facts upon which Plaintiff intends to rely upon, or alternatively, Defendant requests that the Court prevent Plaintiff from introducing evidence of exigent circumstance at trial.  Defendant further requests that the Court sanction Mr. Rempfer, Plaintiff's counsel, for his improper behavior during Plaintiff's deposition.

**A.     Request for Production of Documents**

On September 14, 2011, Defendant served a notice of deposition and a subpoena duces tecum on Plaintiff requesting the production of documents by September 26, 2011, the date of Plaintiff's deposition.  Plaintiff however never objected to Defendant's request and failed to produce the documents at the deposition.  While Plaintiff may have had a valid objection to the method by which

the documents were requested and/or the information sought, Plaintiff failed to file a response to the instant motion.  Pursuant to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  The Court therefore orders Plaintiff to fully respond without objection to Defendant's request for production of documents outlined in the subpoena duces tecum served on September 14, 2011.

**B.     Deposition**

Plaintiff's deposition was conducted on September 26, 2011.  At several points during the deposition, Mr. Rempfer objected to Defendant's question based on relevancy, and twice Mr. Rempfer instructed his client not to answer the question based on a relevancy objection.  Defendant's counsel informed Mr. Rempfer that relevancy is not a valid objection during a deposition, but Mr. Rempfer continued to object.  In light of the disagreement, the parties called the Court to get a ruling on the issue.  The Court instructed the parties that an objection based on relevancy is not grounds for instructing a party not to answer a question.  *Def's Mtn*, Exhibit J at  7.  The Court stated "unless the objection involves a claim of privilege, then it's not proper to instruct a witness not to answer the question." *Id.*

Later during the deposition, Mr. Rempfer again objected to a question based on relevancy, and informed opposing counsel to call the Court over the dispute.   The Court again "reiterated [] that basically an objection based on relevancy is not grounds in a deposition to refuse to answer a question." *Def's Mtn*, Exhibit K at 24.   The Court further informed Mr. Rempfer that if he felt that the questions have reached the point of harassment, he could terminate the deposition.  *Id.* at 24-25.   After the call ended, Ms. Bickle-Stone again asked the Plaintiff the question, and Mr. Rempfer instructed Plaintiff that "you don't have to answer if you don't want to." *Id* at 25.

Additionally, at another point during the deposition, Mr. Rempfer objected to Ms. Bickle-Stone's question asking what facts Plaintiff was going to rely on to show exigent circumstances.  Mr Rempfer objected, claiming the facts that Plaintiff will rely on to prove his case are privileged information because it goes to strategy.

Pursuant to Rule 30(d)(2), the "court may impose an appropriate sanction - including reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays or frustrates the

fair examination of the deponent." Rule 30 also provides that an objection during deposition "[m]ust be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed.R.Civ.P. 30(c)(2).  The Court finds Mr. Rempfer's conduct during Plaintiff's deposition warrants sanctions.  After the Court's initial ruling on Mr. Rempfer's relevancy objection, Mr. Rempfer again objected on relevancy and told opposing counsel to call the Court again.  After the Court reiterated its previous ruling, Mr. Rempfer still instructed his client that "you don't have to answer if you don't want to."  Mr. Rempfer's continuous objections, even in light of the Court's ruling, delayed the deposition, frustrated its purpose and wasted judicial resources.  Further, the Court finds that Mr. Rempfer's privilege objection to Ms. Bickle-Stone's question regarding the facts upon which Plaintiff will rely, was unfounded and frustrated the purpose of the deposition.

The Court finds that Mr. Rempfer's conduct during Plaintiff's deposition impeded, delayed and frustrated the fair examination of the Plaintiff.  The Court will therefore award Defendant's their reasonable attorney's fees and costs associated with bringing this motion.  Further, the Court orders Plaintiff to answer Defendant's questions regarding the additional facts upon which Plaintiff intends to rely to prove exigent circumstances.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Responses to Discovery and for Sanctions (#22) is **granted** as follows:

1. Plaintiff shall have **fifteen (15) days** from the date of this order to fully respond without objection to Defendant's request for production of documents as outlined in the subpoena duces tecum served on September 14, 2011.

2. Plaintiff shall answer Defendant's question regard what facts Plaintiff intends to rely upon to prove exigent circumstances in writing no later than **fifteen (15) days** from the date of this order.  Plaintiff's failure to fully respond to the above question will result in the Court precluding Plaintiff from calling any witnesses or introducing any evidence which was not produced to Defendant prior to the close of discovery or in response to this order.

3. Further, failure to comply with this order may result in additional sanctions up to and including a recommendation of dismissal of Plaintiff's complaint.

4. The Court further sanctions Mr. Rempfer for his conduct during the Plaintiff's deposition and awards Defendant one-half of their reasonable attorney's fees and costs associated with the bringing of this motion. One-half of this motion seeks to compel Plaintiff's discovery responses and the other half seeks sanctions for Mr. Rempfer's obstructive conduct. The Court therefore will only award sanctions against Mr. Rempfer in the form of one-half of the reasonable attorney's fees and costs associated with bringing this motion.

5. Counsel for Defendant shall, no later than **fifteen (15) days** from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motions addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

6. Plaintiff shall have **fifteen (15) days** from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

7. Counsel for Defendant shall have **eleven (11) days** from service of the responsive memorandum in which to file a reply.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the motions hearing scheduled for Monday, November 21, 2011 at 11:00 a.m. is **vacated**.

DATED this 15th day of November, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge