UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOOMAN SADEH,

    Plaintiff,

v.

VENETIAN CASINO RESORT, LLC,

    Defendant.

Case No. 2:10-CV-02224-KJD-GWF

**ORDER**

    Presently before the Court is the Motion for Summary Judgment (#30) filed by Defendant Venetian Casino Resort, LLC. Plaintiff filed a response in opposition and Counter Motion for Summary Judgment (#31) to which Defendants replied (#36). Also before the Court is Defendant's Motion to Strike Plaintiff's Counter Motion for Summary Judgment (#34). Plaintiff filed a response in opposition (#37) to which Defendant replied (#38). Plaintiff also filed a Motion to Extend the Time (#39) in which to file his dispositive motion. Good cause being found the Court grants the motion to extend time, and denies the motion to strike as moot.

///

///

I. Background

      Plaintiff was hired by Defendant Venetian Casino Resort, LLC as a front desk agent on or about November 2, 2005. As a condition of employment, Plaintiff was required to sign an attendance policy obligating him to notify Defendant a minimum of four (4) hours before his assigned shift if he was to be tardy or absent. Plaintiff had been habitually tardy or absent during his employment with Defendant. On or about September 6, 2009 Plaintiff was suspended and/or terminated pending a peer review investigation. During this investigation, Plaintiff disclosed a qualifying Family Medical Leave Act ("FMLA") condition. In response, Defendant retroactively applied intermittent FMLA leave to his past absences and reinstated Plaintiff. Plaintiff was formally approved for intermittent FMLA leave to care for his mother in October 2009. Thereafter, Plaintiff failed to give timely notice on multiple occasions when citing FMLA leave. Defendant's FMLA coordinator met with Plaintiff on or about March 29, 2010 to inculcate the necessity that Plaintiff must comply with the four-hour notification requirement in the attendance policy irrespective that Plaintiff was approved for intermittent FLMA leave. On May 2, 2010 Plaintiff once more failed to provide timely notice. Subsequently, Plaintiff was suspended and/or terminated pending a peer review investigation.

      Defendant canceled the pending peer review investigation alleging that on May 23, 2010 Plaintiff was seen coming out of Lavo nightclub, located in an adjacent property, yelling at hotel guests in violation of the employee handbook. Additionally, discovery in the present action revealed that Plaintiff was allegedly terminated from a previous employer for misappropriating company funds.

      On December 6, 2010 Plaintiff filed the instant Complaint in State Court, which case was subsequently removed (#1-2) on December 22, 2010. The Complaint contains claims for interference, 29 U.S.C. § 2615(a)(1), and retaliation, 29 U.S.C. § 2615(a)(2) and (b), violations under the Family Medical Leave Act.

///

///

II.  Discussion

    A.  Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed.R. Civ.P. 56(a); see Sierra Club v. Bosworth, 510 F.3d 1016, 1022 (9th Cir. 2007). Summary judgment is proper only when the pleadings, depositions, affidavits, and other permitted material demonstrate that there is not an issue of material fact. Fed.R.Civ.P. 56(c); S. E. C. v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982); Pegasus Fund, Inc. v. Laraneta, 617 F.2d 1335, 1339 (9th Cir. 1980). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986); Admiralty Fund v. Hugh Johnson & Co., 677 F.2d 1301, 1306 (9th Cir. 1982). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. See v. Durang, 711 F.2d 141, 143 (9th Cir.1983).

    B.  Family Medical Leave Act 29 C.F.R. § 825 et seq

The Family Medical Leave Act ("FMLA") provides job security to employees who must be absent from work up to 12 weeks to care for qualified sick family members. 29 U.S.C. § 2612.  It is a violation of FMLA for an employer under FMLA to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under [this act]." 29 U.S.C. § 2615.

FMLA leave may be taken "intermittently or on a reduced leave schedule" under certain circumstances. 29 C.F.R. § 825.202(a). Intermittent leave is FMLA leave taken in distinctive allotments of time due to a single qualifying reason. 29 C.F.R. §§ 825.202(a), 825.203. Intermittent leave may be taken for absences where the employee's parent or other family member is incapacitated because of a chronic illness, serious injury, or other health condition, even if he or she does not receive treatment by a health care provider. 29 C.F.R. §§ 825.202(b)(2); 825.201(a).

"When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.302. Thereafter an employee seeking FMLA leave must specifically reference the qualifying reason for FMLA leave. 29 C.F.R. § 825.302. "In all cases, the employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken." 29 C.F.R. § 825.302(c).

When the leave is unforeseeable, the employee should generally notify the employer of the need for leave "within the time prescribed by the employer's usual and customary notice requirements, absent unusual circumstances." 29 C.F.R. § 825.303. When an employee fails to give appropriate notice, an employer may delay FMLA coverage for leave depending on the facts of the particular case. 29 C.F.R. § 825.304(d).

FMLA provides for two separate causes of action under its provisions: 1) interference claims, in which employers deny, restrain or interfere with an employee seeking statutory rights under FMLA. 29 U.S.C. § 2615(a)(1); 2) retaliation claims in which employers discriminate against or discharge an employee because the employee has exercised their rights under the FMLA. 29 U.S.C. § 2615(a)(2).

C.  FMLA Interference 29 U.S.C. § 2615(a)(1)

To establish an interference claim under FMLA, a plaintiff must demonstrate that: 1) plaintiff exercised his rights under FMLA; 2) defendant interfered with, restrained, or denied plaintiff the ability to exercise a right provided under FMLA; 3) defendant used the taking of FMLA as a negative factor in the decision to terminate plaintiff. See 29 C.F.R. § 825.220(c); Xin Lui v. Amway Corp., 347 F.3d 1125, 1136 (9th Cir. 2003); Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1122 (9th Cir. 2001). "Interfering with" the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). However, an employee is not entitled to any additional rights other than those rights that the employee had before exercising FMLA leave. 29 U.S.C. § 2614(a)(3)(b).

4

In its motion for summary judgment, Defendant argues that it did not consider Plaintiff's taking of FMLA leave as a negative factor in his termination but rather Plaintiff was terminated for his failure to comply with Defendant's usual and customary attendance policy. In support of this argument, Defendant points to 29 C.F.R. § 825.303(c) which provides, " when the need for [FMLA] leave is not foreseeable, an employee must comply with the employer's usual and customary notice and procedure requirements for requesting leave, absent unusual circumstances." Defendant concedes that if an employee initially requires a leave of absence under FMLA and does not provide sufficient detail then the burden falls upon the employer to determine whether FMLA may apply to the specific situation. 29 C.F.R. § 825.303(b), §825.302. However, Defendant argues that Plaintiff's failure to comply with the attendance policy was grounds for termination because Plaintiff did not notify them of any unusual circumstances why he could not comply. (Defendant's Motion to Dismiss #30, p. 3. ln. 1-3).

Plaintiff argues that there were unusual and unforeseeable circumstances that permitted him to violate Defendant's usual and customary notice requirements. Moreover, Plaintiff asserts that Defendant's failure to ascertain whether there were unusual circumstances violated his FMLA rights.

It is undisputed that Plaintiff was qualified and approved for intermittent FMLA leave prior to the unfolding of the events in question. It is also undisputed that Plaintiff failed to properly notify Defendant of the need for FMLA leave on May 2, 2010. The FMLA form states, "Side effects from breast cancer treatments will cause patient to need help with transportation to medical appointments and she will need care with activities of daily living. It would be unsafe for patient to be unattended during these times."  (Defendant's Motion for Summary Judgment, Ex. L, p.4). Defendant was on notice that 3-4 times a week there was a possibility that Plaintiff would be required to provide care for his mother. However, there is a question of material fact as to whether unusual circumstances on May 2, 2010 prevented Plaintiff from abiding by Defendant's usual and customary notice requirements. Plaintiff and Defendant have not been able to demonstrate through the pleadings,

5

depositions and other materials that an issue of material fact does not exist. Accordingly, the motions for summary judgment are denied.

### D. FMLA Retaliation § 2615(a)(2)&(b)

To establish a claim for retaliation under FMLA a plaintiff must establish: 1) the prima facie case for discrimination; 2) the defendant cannot "articulate some legitimate, nondiscriminatory reason" for the adverse employment action; and 3) that the facts show an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

To establish the prima facie case for retaliation under FMLA, a plaintiff must demonstrate that: 1) plaintiff engaged in a protected activity; 2) defendant subjected the employee to an adverse employment action; and 3) a causal link existed between the protected activity and the employer's action. Raymond v. Albertson's Inc., 38 F.Supp.2d 866 (D. Nev. 1999)(citing Richmond v. ONEOK, Inc., 120 F.3d 205, 208–209 (10th Cir.1997)).

Looking at the facts in a light most favorable to the non-movant, neither movant has shown the absence of a genuine issue of material fact. Therefore, the Court denies the opposing motions for summary judgment.

### E. Limitation of Damages

The "after acquired-evidence rule" provides that an employee may not be reinstated or receive front-pay for his severe wrongdoings after termination if that wrongdoing would have led to his termination on legitimate grounds had the employer known about it. McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362–63 (1995). The employer must "establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." McKennon, 513 U.S. at 362–63. This inquiry is focused on employer's actual employment practices, not just the standards recited in its employee manuals or the actions threatened but not taken. O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 762 (9th Cir.1996). An employer may rely on sworn affidavits from its employees although these may not be enough absent proof that employer discharged other employees for the

same infraction, company policy forbidding the conduct, or common sense. O'Day, 79 F.3d at 762. When the inquiry reveals that an employee would have been terminated for wrongdoings that were discovered after the termination, only back pay is mandatory. Damages are calculated from the date of the unlawful discharge to the date the wrongdoing was discovered. O'Day, 79 F.3d at 762; McKennon, 513 U.S. at 362–63.

A document cannot be authenticated merely by an attorney's declaration stating that the document is true and correct but must be attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1182 (9th Cir.1988); Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir.1990). Typically, documents produced in discovery are considered authentic if there is some indication that the documents are what they say they are and there is no substantive challenge to their authenticity. See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 (9th Cir. 1996).

Defendant asserts that if summary judgment is granted to Plaintiff then the "after-acquired evidence rule" should apply. Specifically, Defendant argues that had it known Plaintiff misappropriated company funds from his previous employer and then lied about this on his application it would have not hired him. Also, Defendant argues that Plaintiff's alleged actions as he was leaving the Lavo nightclub violated company policy and he would have been terminated for loudly expressing his dislike for the Venetian. Plaintiff asserts that the damages should not be limited at all because the exhibits that Defendant relies upon are inadmissible.

Here, the pleadings, depositions, affidavits, and other material demonstrate that genuine issues of material fact exist. The Court finds that genuine issues of material fact prevent the Court from granting summary judgment on the issue of damages.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#30) is **DENIED**;

7

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion for Summary Judgment (#31) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (#39) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (#34) is **DENIED AS MOOT.**

DATED this 27th day of July 2012.

_____
Kent J. Dawson
United States District Judge

8